**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:12-cv-000062-MR**


| | |
|---|---|
| **NEAL H. ULLMAN and JENNIFER ULLMAN,** ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| ) | |
| **SUNTRUST BANK,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |


**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 13].

The facts, legal issues, and causes of action asserted by the parties in the present matter are substantially similar to those in the case of Beritelli, et al. v. Wells Fargo Bank, N.A., et al., No. 1:11-cv-00179-MR (W.D.N.C.), and the same attorney appears on behalf of the Plaintiffs in both actions. Even though these cases have not been consolidated, the decision of this Court in the Order previously entered in Beritelli addresses and disposes of all of the legal issues raised by the motion currently before

the Court in this matter.  The Order in <u>Beritelli</u>, therefore, is incorporated

herein, and the current motion will be disposed of in accord therewith.[1]

## **O R D E R**

**IT IS, THEREFORE ORDERED** that the Defendant's Motion to

Dismiss [Doc. 13] is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, with respect to the Plaintiffs' claim for negligent

misrepresentation, the Motion to Dismiss [Doc. 13] is **GRANTED** and this

claim is **DISMISSED**.  In all other respects, the Motion to Dismiss [Doc. 13]

is **DENIED**.

**IT IS SO ORDERED.**  Signed: September 30, 2013

Martin Reidinger
United States District Judge

---

[1] In arguing that all of the River Rock Plaintiffs' claims are barred by the applicable
statutes of limitations, the Bank makes an additional argument directed specifically at
the Ullmans' claims, namely, that the Ullmans were on actual notice of their claims at
the latest by January 2009 when they filed a consumer complaint with the Federal
Reserve.  [<u>See</u> Doc. 14 at 9].  The Bank attaches an email purporting to contain the
Ullmans' consumer complaint [Doc. 14-4], arguing that this email is a public record
which the Court may consider without converting the motion to dismiss into a motion for
summary judgment.  This email, however, is neither integral to nor explicitly relied upon
in the Ullmans' Amended Complaint.  <u>See</u> <u>American Chiropractic Ass'n v. Trigon
Healthcare, Inc.</u>, 367 F.3d 212, 234 (4th Cir. 2004).  Moreover, the Bank has not
attempted to authenticate this document in anyway.  Accordingly, the Court declines to
consider this email in ruling on the Bank's motion to dismiss.